UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRIAN HERNANDEZ, | ) | Case No. 5:23-cv-00635-DSF-JC |
| Petitioner, | ) | |
| v. | ) | ORDER TO SHOW CAUSE WHY THE PETITION FOR WRIT OF HABEAS CORPUS AND ACTION SHOULD NOT BE DISMISSED |
| JEFF MACOMBER, | ) | |
| Respondent. | ) | |

## I. BACKGROUND AND SUMMARY[1]

On October 13, 2021, Petitioner Brian Hernandez – who was then represented by counsel – filed a Petition for Writ of Habeas Corpus ("Prior Federal Petition") challenging his 2018 conviction and sentence in Riverside County

---

[1] The background and procedural history set forth herein are derived from the Petition for Writ of Habeas Corpus by a Person in State Custody ("Current Petition") filed in the instant action (Docket No. 1), the docket and records filed in Petitioner's prior federal habeas action (Brian Hernandez v. Craig Koenig, United States District Court for the Central District of California case no. 5:21-cv-01732-DSF-JC ("Prior Federal Action")), and the dockets of the Riverside County Superior Court (available online at https://www.riverside.courts.ca.gov), the California Court of Appeal and California Supreme Court (available online at https://appellatecases.courtinfo.ca.gov), and the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") (https://pacer.uscourts.gov), of which the Court takes judicial notice. See Fed. R. Evid. 201; Harris v. Cnty. of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

Superior Court Case No. INF1700442 ("State Criminal Case") on multiple grounds. On August 25, 2022, in the Prior Federal Action, Judgment was entered denying the Prior Federal Petition and dismissing the Prior Federal Action with prejudice.

On April 10, 2023, Petitioner, proceeding *pro se*, filed the Current Petition in the instant action, again challenging his 2018 sentence in the State Criminal Case. The Current Petition alleges Petitioner is entitled to resentencing due to a change in the law affecting the length of his sentence. In particular, Petitioner asserts that he received two upper-term sentences in violation of Cunningham v. California, 549 U.S. 270 (2007), and he seeks resentencing consistent with Cunningham. He further requests day-for-day custody credits pursuant to California Penal Code ("P.C.") § 4019. Additionally, he contends his right to counsel was denied, and he was denied due process of law when non-punitive fines and fees were imposed.

For the reasons explained below, Petitioner is ORDERED TO SHOW CAUSE by not later than **May 9, 2023** why the Current Petition and this action should not be dismissed without prejudice for lack of jurisdiction because the Current Petition is second or successive and Petitioner did not obtain the requisite authorization from the Ninth Circuit to file it.

## II. PROCEDURAL HISTORY

On April 9, 2018, a Riverside County Superior Court jury in the State Criminal Case found Petitioner guilty of one count of second degree murder in violation of P.C. § 187(a) (count 1) and one count of assault with a firearm in violation of P.C. § 245(a)(2) (count 2), and also found it to be true that, as to count 1, Petitioner personally and intentionally discharged a firearm and proximately caused great bodily injury and death to another person within the meaning of P.C. § 12022.53(d) and 1192.7(c)(8), and, as to count 2, Petitioner personally used a firearm within the meaning of P.C. § 12022.5(a) and

1192.7(c)(8).  On August 3, 2018, the trial court sentenced Petitioner to a total of 54 years to life in state prison.[2]

Petitioner appealed his convictions and sentence to the California Court of Appeal, Fourth Appellate District ("Court of Appeal") in Case No. E071053.  The Court of Appeal affirmed the judgment on April 7, 2020.  On April 24, 2020, the Court of Appeal modified its opinion without altering the judgment.  Petitioner then filed a petition for review in California Supreme Court Case No. S262150, which such court denied on July 15, 2020.

On January 14, 2020, petitioner filed a habeas corpus petition in Court of Appeal Case No. E074476, which such court denied on April 7, 2020.

As noted above, on October 13, 2021, Petitioner filed the Prior Federal Petition in the Prior Federal Action, challenging the judgment in the State Criminal Case.  In the Prior Federal Petition, Petitioner alleged he was entitled to federal habeas relief because:  (1) the trial court violated his constitutional rights by admitting his "un-Mirandized custodial statement"; (2) he was denied due process of law when the trial court failed *sua sponte* to instruct the jury on the lesser included offense of voluntary manslaughter based on a heat of passion theory; (3) Petitioner received ineffective assistance of counsel and his due process rights were violated when his attorney failed to object to improper aggravating factors during sentencing; and (4) Petitioner was denied due process of law when the trial court imposed fines and fees without holding a hearing as to Petitioner's ability to pay.

///

---

[2]As to count 1, the trial court sentenced Petitioner to an indefinite term of 40 years to life, consisting of 15 years to life for the second degree murder conviction and an additional 25 years to life for the firearm enhancement.  As to count 2, the trial court sentenced Petitioner to a consecutive 14-year term on count 2, consisting of the upper term of 4 years for the assault with a firearm conviction and an additional 10-year upper term for the gun enhancement.

On December 20, 2021, in the Prior Federal Action, Petitioner filed a Motion for Stay ("Stay Motion"), which conclusorily requested that the Court stay proceedings to permit Petitioner "the opportunity to exhaust remedies due to [a] change in [the] law." The Stay Motion did not identify this change in the law, but in a subsequent brief Petitioner indicated he wished to stay proceedings based on California Senate Bill 567, which amended P.C. § 1170(b) to require a trial court, "in its sound discretion," for any offense with "three possible terms," to "order imposition of a sentence not to exceed the middle term" unless "there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." P.C. § 1170(b)(1-2) (2022).

On July 7, 2022, in the Prior Federal Action, the undersigned issued a Report and Recommendation ("Prior R&R") recommending that the Stay Motion be denied, the Prior Federal Petition be denied its merits, and the Prior Federal Action be dismissed with prejudice. On August 25, 2022, the District Judge accepted the Prior R&R, denied the Stay Motion, denied the Prior Federal Petition on its merits, dismissed the Prior Federal Action with prejudice, and denied Petitioner a certificate of appealability. Judgment in the Prior Federal Action was entered accordingly on the same date. Petitioner appealed to the Ninth Circuit, where Petitioner's request for a certificate of appealability remains pending in Ninth Circuit Case No. 22-55845.

On January 28, 2022, while the Prior Federal Petition was pending, Petitioner filed a habeas corpus petition in the Riverside County Superior Court in the State Criminal Case. The Superior Court denied such petition on February 9, 2022, stating:

///

|    |    |
|----|----|
| 1  | The petitioner claims that the enactment of Senate Bill 567 grants him |
| 2  | new grounds for relief.  Statutory amendments like those enacted in |
| 3  | S.B. 567 are not retroactive absent an express declaration of the |
| 4  | Legislature.  "No part of the [Penal Code] is retroactive, unless |
| 5  | expressly so declared."  (Penal Code § 3)  To the contrary, statutory |
| 6  | amendments such as those created by Senate Bill 567, in which the |
| 7  | Legislature did not expressly address retroactivity, apply only to those |
| 8  | cases not yet final when the law became effective.  [People |
| 9  | v. Garcia, 28 Cal. App. 5th 961, 972-73 (2018)].  In the case of S.B. |
| 10 | 567, that date was January 1, 2022.  Petitioner's case was final before |
| 11 | January 1, 2022.  Thus, the new legislation is inapplicable to the |
| 12 | petitioner.  As the petitioner has failed to state a prima facie case, |
| 13 | relief is unavailable. |
| 14 | On March 9, 2022, Petitioner filed a second habeas corpus petition in the |
| 15 | Riverside County Superior Court in the State Criminal Case, raising the same |
| 16 | claim as the prior habeas corpus petition filed in that court.  On March 30, 2022, |
| 17 | the Superior Court denied such petition as successive and for the reasons set forth |
| 18 | in its February 9, 2022 Order.  On July 27, 2022, Petitioner filed a habeas corpus |
| 19 | petition in Court of Appeal Case No. E079443, which such court denied on |
| 20 | October 27, 2022. |
| 21 | On November 10, 2022, Petitioner filed a habeas corpus petition in |
| 22 | California Supreme Court Case No. S277277, which such court denied on |
| 23 | February 22, 2023. |
| 24 | **III.   DISCUSSION** |
| 25 | Rule 4 of the Rules Governing Section 2254 Cases in the United States |
| 26 | District Courts allows a district court to dismiss a petition if it "plainly appears |
| 27 | from the petition and any attached exhibits that the petitioner is not entitled to |
| 28 | relief in the district court. . . ."  Rule 4 of the Rules Governing Section 2254 |

1 Cases. Here, based on the Current Petition and the aforementioned state and
2 federal court records of which the Court has taken judicial notice, it appears that
3 this Court lacks jurisdiction to consider the Current Petition because it is second or
4 successive and Petitioner has not obtained the requisite authorization from the
5 Ninth Circuit to file it.
6       The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")
7 "established a stringent set of procedures that a prisoner 'in custody pursuant to
8 the judgment of a State court' must follow if he wishes to file a 'second or
9 successive' habeas corpus application challenging that custody[.]" Burton v.
10 Stewart, 549 U.S. 147, 152 (2007) (per curiam) (citations omitted). In particular,
11 "[i]f an application is 'second or successive,' the petitioner must obtain leave from
12 the court of appeals before filing it with the district court[,]" Magwood v.
13 Patterson, 561 U.S. 320, 330-31 (2010) (citing 28 U.S.C. § 2244(b)(3)(A));
14 Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998), and the appellate court
15 "may authorize the filing of the second or successive application only if it presents
16 a claim not previously raised that satisfies one of the two [exceptions] articulated
17 in § 2244(b)(2)." Burton, 549 U.S. at 153. "One of these exceptions is for claims
18 predicated on newly discovered facts that call into question the accuracy of a
19 guilty verdict. The other is for certain claims relying on new rules of
20 constitutional law." Tyler v. Cain, 533 U.S. 656, 661-62 (2001) (citations
21 omitted); see also Magwood, 561 U.S. at 335 (Section 2244(b)(2) "describes
22 circumstances when a claim not presented earlier may be considered: intervening
23 and retroactive case law, or newly discovered facts suggesting 'that . . . no
24 reasonable factfinder would have found the applicant guilty of the underlying
25 offense.'" (citation omitted)). "Even if a petitioner can demonstrate that he
26 qualifies for one of these exceptions, he must seek authorization from the court of
27 appeals before filing his new petition with the district court." Woods v. Carey,
28 525 F.3d 886, 888 (9th Cir. 2008). "A petitioner's failure to seek such

authorization from the appropriate appellate court before filing a second or successive habeas petition acts as a jurisdictional bar." Rishor v. Ferguson, 822 F.3d 482, 490 (9th Cir. 2016), cert. denied, 137 S. Ct. 2213 (2017); Burton, 549 U.S. at 153.

Here, the District Judge denied the Prior Federal Petition challenging the judgment in the State Criminal Case on the merits and dismissed the Prior Federal Action with prejudice on August 25, 2022, and Petitioner's appeal of this decision is currently pending before the Ninth Circuit. Nevertheless, on April 10, 2023, Petitioner filed the Current Petition, which also challenges the judgment in the State Criminal Case. Under these circumstances, it appears the Current Petition is a second or successive habeas petition, which the Court lacks jurisdiction to consider absent authorization from the Ninth Ciruit.³ Burton, 549 U.S. at 153; Balbuena v. Sullivan, 980 F.3d 619, 636-37 (9th Cir. 2020), cert. denied, 141 S. Ct. 2755 (2021); Beaty v. Schriro, 554 F.3d 780, 782-83 & n.1 (9th Cir.), cert. denied, 558 U.S. 832 (2009).

**IV.   ORDER**

Petitioner is therefore ORDERED TO SHOW CAUSE by not later than **May 9, 2023** why this action should not be dismissed as an unauthorized second or successive petition. Petitioner is advised that he has the right to submit declarations, affidavits, or any other relevant evidentiary materials with his response to this Order to Show Cause. All affidavits and declarations must be signed under penalty of perjury by persons having personal knowledge of the facts stated in the affidavits or declarations.

Instead of filing a response to the instant Order to Show Cause, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil

---

³A search of the court's PACER system does not reflect that Petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

7

Procedure 41(a).  If he elects to proceed in that manner, he may sign and return the attached Notice of Dismissal.  However, Petitioner is advised that any dismissed claims may later be subject to dismissal with prejudice as time-barred under 28 U.S.C. § 2244(d)(1).[4]

**Petitioner is cautioned that the failure timely to respond to this Order to Show Cause and/or to show good cause may result in the dismissal of this action without prejudice for lack of jurisdiction because the Current Petition is second or successive and Petitioner has failed to demonstrate that the Ninth Circuit has authorized it to be filed and/or the dismissal of this action with or without prejudice based on Petitioner's failure to comply with the Court's order, and/or Petitioner's failure to prosecute.**

IT IS SO ORDERED.

DATED:  April 17, 2023

　　　　　　　　　　　　/s/
　　　　　　　　　　　　Honorable Jacqueline Chooljian
　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

Attachment

---

[4] This Order to Show Cause does not address whether the Current Petition itself is subject to dismissal with prejudice as time-barred under 28 U.S.C. § 2244(d)(1).